UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MICHAEL GLEISSNER,

                        Plaintiff,

    against -

AIR CHINA AIRLINES LIMITED,

                        Defendant.
------------------------------------------------------------------------x

15 Civ. _____ (   )(   )

**NOTICE OF REMOVAL**

      PLEASE TAKE NOTICE that Defendant Air China Limited (sued incorrectly herein as "Air China Airlines Limited") (hereinafter "Air China"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby removes this action to the United States District Court for the Southern District of New York pursuant to the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §1441(d). The grounds for such removal are as follows:

      1.     This action was commenced against Air China in the Civil Court of the State of New York, County of New York, by the filing of a Complaint on October 28, 2015. Air China received a copy of the Complaint on October 29, 2015. A copy of the Complaint is attached hereto as Exhibit "A." No further proceedings have been had in the action.

      2.     This is an action brought against a "foreign state" as that term is defined in 28 U.S.C. §1603(a):

          (a)     Defendant Air China was, at the time this action was commenced, and now is a corporation duly organized and existing under the laws of The People's Republic of China with its principal place of business in Beijing, China;

7085154v.1

(b)   A majority of its capital shares are owned by a foreign state, namely The People's Republic of China; and

(c)   Defendant Air China is not a citizen of a State of the United States as defined in 28 U.S.C. §1332(c) and (d), nor has it been created under the laws of any Third Country.

3.   Defendant Air China is, therefore, entitled to remove this entire action to this Court pursuant to 28 U.S.C. §1441(d).

4.   This removal is timely pursuant to 28 U.S.C. §1446(b).

5.   Venue in this Court is proper pursuant to 28 U.S.C. §1391(f)(3).

Dated:   New York, New York
         November 20, 2015

Yours, etc.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
George N. Tompkins, III
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
Email: george.tompkinsiii@wilsonelser.com

Attorneys for Defendant
AIR CHINA LIMITED

To:   Brian Bellerose, Esq.
      Attorney for Plaintiff
      246 West Broadway
      New York, New York 10013
      (212) 796-4812

2

EXHIBIT "A"

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------X
MICHAEL GLEISSNER,
    Plaintiff,

INDEX NO:

**SUMMONS**

-against-

Plaintiff's Residence
Address:
246 West Broadway
New York NY 10013

AIR CHINA AIRLINES LIMITED,
    Defendants.
----------------------------------X

To the above named defendants:

    **YOU ARE HEREBY SUMMONED** to appear in the Civil Court of the City of New York, County of New York at the office of the Clerk of said Court, at 111 Centre Street within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum in excess of $24,515.08 with interest thereon from the 28th day of October, 2015 together with the costs of this action.

Dated: October 28, 2015.

**Defendants' Address:**
AIR CHINA AIRLINES Limited
350 Fifth Ave., Suite 6305
New York, NY 10118
Tel: (212)371-9898
FAX: 212-935-7951

**Attorney for Plaintiff:**
Brian Bellerose
246 West Broadway
New York, New York 10013
Tel: (212)796-4912
Fax: (212)656-1828

NOTE. The law provides that:
(a) that if the summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) if this summons is served by delivery to other than you personally, or is served outside the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this County within which to appear and answer.



FILED
OCT 26 2015
NEW YORK COUNTY
CIVIL COURT

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------X
MICHAEL GLEISSNER,
    Plaintiff,

        INDEX NO:

        COMPLAINT

-against-

AIR CHINA AIRLINES LIMITED,
    Defendants.
----------------------------------X

Plaintiff, by his attorney, Brian S. Levine, as and for his complaint, alleges as follows:

## PARTIES

1. Plaintiff, MICHAEL GLEISSNER, is an individual with a business address in New York County at 246 West Broadway, New York NY 10013.

2. Defendant Air China Airlines Limited is believed to be a corporation established under the law of the Peoples Republic of China. Defendant has a commercial establishment located in New York County at 350 Fifth Ave., Suite 6905, New York, NY 10118.

## AS AND FOR A FIRST CAUSE OF ACTION

1. On or around August 20, 2015, Plaintiff entered into a contractual relationship with Defendant to transport himself as well as family members FAORN GLEISSNER, a resident of Florida, and children SHERLOCK GLEISSNER and FITZGERALD GLEISSNER, as well as individual WYN LANOSA, an individual, on a scheduled

flight commercially known as Air China 841 from Barcelona to Vienna, scheduled for August 17, 2015,

2. Airport staff at the location designated for check in of the flight in question refused transportation, claiming that passenger WYN LANGWA, who was holder of a valid visa to Schengen countries, would require a multiple entry visa to the European Union, despite the Agreement between the Governments of the States of the Benelux Economic Union, the Federal Republic of Germany and the French Republic on the gradual abolition of checks at their common borders of 1985, also known as the "Schengen Agreement", and to which both the Republic of Austria and the Kingdom of Spain are signatories to, do not require any multiple entry visas to travel between both member countries,

## Defendant has refused to provide their contractual obligations with no reason

3. Airport staff at Barcelona airport refused transportation services, refused to state their names nor produce any identification for documentation purposes of the incident,

4. Plaintiff was travelling with his two infant children and wife, which was in extreme distress due to the refusal and the destruction of their travel plans,

**WHEREFORE**, plaintiff respectfully requests the Court to award the following against defendants, jointly and severally:

(a) For refund of the price of the transportation contract prepaid to Defendant by Plaintiff in the amount of $507.83 to the Plaintiff

(b) For the loss of the value of a prepaid and non-refundable hotel in Vienna of $1,462.21;

(c) For Punitive Damages of $22,545.00 for pain and suffering;

(d) For costs, disbursements and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 28, 2015

**Brian Bellerose**
Attorney for Plaintiff
246 West Broadway
New York, New York 10013
Tel: (212)796-4312
Fax: (212)658-1829
Mobile: (917) 930-4422