UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GLEISSNER,

                Plaintiff,

– against –

AIR CHINA AIRLINES LIMITED,

                Defendant.

**OPINION & ORDER**

15 Civ. 9162 (ER)

Ramos, D.J.:

      Michael Gleissner ("Gleissner") brought this breach of contract action against Air China Limited (incorrectly sued as "Air China Airlines Limited" and hereinafter referred to as "Air China"), alleging that it wrongfully refused to let his family's nanny, Wyn Lanosa ("Lanosa"), board a flight. For the reasons set forth in the Court's March 26, 2019 Order, Air China's motion to dismiss was denied, but its motion for summary judgment was granted and the case was closed. Doc. 55. For the reasons set forth below, Gleissner's motion to reconsider the summary judgment decision is DENIED.

I.    BACKGROUND

      Air China is an airline company incorporated under the laws of the People's Republic of China with its principal place of business in Beijing, People's Republic of China. Doc. 51 ¶ 2. On August 27, 2015, Gleissner, his family members, and Lanosa tried to check in for a flight operated by Air China departing from Barcelona, Spain to Vienna, Austria ("Flight 842"). *Id.* ¶¶ 1, 6. At the check-in counter, Air China staff refused to issue Lanosa a boarding pass on the grounds that she lacked a valid visa to enter Austria. *Id.* ¶ 11; Doc. 48 ¶¶ 4–5. At the time, she possessed a single-entry visa for the Schengen Area.[1] Doc. 51 ¶ 10; Doc. 50, Ex. C. Since Air

---

[1] The Schengen Agreement is a treaty that abolished many of the European Union's internal borders, enabling passport-free movement across most of the bloc. *See Schengen Area*, EUROPEAN COMMISSION, https://ec.europa.eu/home-affairs/what-we-do/policies/borders-and-visas/schengen_en. The geographic area encompassed by the Agreement is known as the Schengen Area. *Id.* As relevant to this motion, Austria and Spain,

China refused to give Lanosa a ticket, she, Gleissner, and his family flew to Vienna on a European carrier instead. Doc. 50 ¶ 12.

On October 28, 2015, Gleissner sued Air China in the Civil Court of the State of New York, New York County, claiming that Air China is liable for breach of contract because it refused to issue a ticket to Lanosa. Doc. 1, Ex. A.[2] On November 20, 2015, Air China removed the case to federal court. Doc. 1. On March 26, 2019, the Court denied Air China's motion to dismiss and granted its motion for summary judgment. On April 24, 2019, Gleissner filed the instant motion for reconsideration of the summary judgment decision. Doc. 57.

## II. LEGAL STANDARD

The Second Circuit has delineated the discretion of district courts to revisit earlier rulings by treating those decisions as "the law of the case," subject to revision only when there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotation marks omitted). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). As such, a motion for reconsideration is not an opportunity to advance new facts and arguments previously available to the

---

the countries between which the Gleissner family and Lanosa were traveling, are part of the Schengen Agreement, *see Visa Policy*, EUROPEAN COMMISSION, https://ec.europa.eu/home-affairs/what-we-do/policies/borders-and-visas/visa-policy_en, and therefore they would ordinarily have been able to move between the countries without the need for visas. Also, as relevant to this motion, China is not part of the Agreement. Because the Air China flight on which they were booked was considered an international flight, i.e., not subject to the Schengen Agreement, Lanosa had to be processed through border control and therefore had to have a valid visa even though she was traveling between two Schengen countries. *See* Doc. 53 ¶ 3. Had the trip been booked on a European carrier, Lanosa would not have needed a visa. *Id.* ¶ 7.

[2] *See* Doc. 7 for a legible copy of the notice of removal.

movant; nor is a motion for reconsideration a substitute for appeal. *In re Optimal U.S. Litig.*, 886 F. Supp. 2d 298, 312 (S.D.N.Y. 2012).

## III. DISCUSSION

The question before this Court is whether its decision to grant the summary judgment motion in favor of Air China was entered in error. The Court finds that it was not. In its March 26, 2019 Order, the Court found no genuine dispute of material fact existed that Lanosa did not possess a valid entry visa to Austria, and therefore, Air China properly refused to give her a ticket. Doc. 55, 8. Air China put forth various pieces of evidence to support this argument. First, the Conditions of Carriage broadly grants Air China the right to refuse carriage if it "appears" a customer does not have valid travel documents. Doc. 43, Ex. C (Part 1). Second, Air China produced a notice displayed at their check-in counter that specifically warned customers travelling to Vienna that those with single-entry visas would not be permitted to fly on Air China and would need to get a flight on a different airline. *Id.* at Ex. C (Part 2).

Third, Air China provided sworn affidavits from airport employees. Jie Shi ("Shi"), the Station Manager for Air China at the Barcelona airport in 2015, wrote a sworn affidavit alleging that Air China's flight from Spain to Austria was considered an international flight as Air China is a non-European carrier. Doc. 53 ¶ 3. That meant all passengers would have to be processed through border control and were required to have proper and valid passports and visas to enter Austria. *Id.* Shi corroborated that Lanosa did not have a multi-entry visa and as such would not be permitted to enter Austria upon arrival. *Id.* ¶ 4. Lastly, in its response to interrogatory No. 14, Air China stated that Lanosa was not able to check in for Flight 842 because she did not have a valid visa. Doc. 43, Ex. D.

On the other hand, Gleissner's evidence for summary judgment purposes consisted entirely on a report from the European Commission on the Schengen Area (the "Schengen Report"). Gleissner states that the Court committed a clear error of law and fact when it said that he put forth no evidence that raised a genuine issue of material fact to dispute that

3

Lanosa did not have a valid visa for Flight 842. Doc. 58, 4–5. He argues that he disputed that claim with the Schengen Report. *Id.*

The Schengen Report says that flights between two Schengen countries are considered "internal." Doc. 50, Ex. F. Gleissner asks the Court to interpret the word "internal" as "domestic," and "external" as "international," so that a flight between two Schengen countries would be considered "domestic." Doc. 58, 5. But he proffers no additional evidence and even if the Court inferred that a flight between two Schengen countries is not an "international flight," regardless of who the airline carrier is, summary judgment was proper.

This case does not turn on whether Air China is legally correct that Lanosa could not enter Austria with her single-entry visa if she flew on their airline. What is material is whether Air China breached its contractual obligation to Gleissner for refusing to issue a boarding pass to Lanosa. In the notice of removal, Gleissner asserted a single cause of action against Air China: that it breached its contractual obligations without reason when it refused transportations services to Lanosa. Doc. 7. When analyzing the totality of the evidence, it is clear that Air China corroborated their version of events with an abundance of admissible evidence, while Gleissner did not. Accordingly, Gleissner has not established that this case warrants the extraordinary measure of reconsideration.

## IV. CONCLUSION

For the reasons set forth above, the motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 57.

It is SO ORDERED.

Dated: February 5, 2020
       New York, New York

                                                      Edgardo Ramos, U.S.D.J.